UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
VICTOR SEBASTIAN AZOGUE, on behalf of himself
and others similarly situated,

No.: 13-cv-7899 (TPG)

              *Plaintiff*,

**ANSWER**

      -against-

16 FOR 8 HOSPITALITY LLC d/b/a NUM PANG
SANDWICH SHOP, 32 FOR 16 HOSPITALITY LLC
d/b/a NUM PANG SANDWICH SHOP, 8 FOR 4
HOSPITALITY LLC d/b/a NUM PANG SANDWICH
SHOP, NUM PANG HOLDCO LLC,
RATHA CHUAPOLY, and BENJAMIN DAITZ,

              *Defendants*.
----------------------------------------------------------------------X

      Defendants 16 FOR 8 HOSPITALITY, LLC, 32 FOR 16 HOSPITALITY LLC, 8 FOR 4 HOSPITALITY LLC, Num Pang Holdco LLC (collectively, the "Corporate Defendants"), Ratha Chaupoly (s/h/a Ratha Chuapoly), and Benjamin Daitz (collectively, the "Individual Defendants") (the Corporate Defendants and the Individual Defendants, collectively, the "Defendants"), by and through their undersigned attorneys, Tannenbaum Helpern Syracuse & Hirschtritt LLP, as and for their answer to the complaint in the above-captioned matter (the "Complaint") filed by Victor Sebastian Azogue ("Plaintiff"), respectfully allege as follows:

### INTRODUCTION

    1.    Defendants deny the allegations set forth in paragraph 1 of the Complaint.

    2.    Defendants deny the allegations set forth in paragraph 2 of the Complaint.

### JURISDICTION AND VENUE

    3.    The allegations set forth in paragraph 3 of the Complaint are conclusions of law to which no responsive pleading is required.

4.  The allegations set forth in paragraph 4 of the Complaint are conclusions of law to which no responsive pleading is required.

## PARTIES

5.  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6.  Defendants admit the allegations set forth in paragraph 6 of the Complaint.

7.  Defendants admit the allegations set forth in paragraph 7 of the Complaint.

8.  Defendants deny the allegations set forth in paragraph 8 of the Complaint.

9.  Defendants admit the allegations set forth in paragraph 9 of the Complaint.

10. Defendants admit the allegations set forth in paragraph 10 of the Complaint.

11. Defendants deny the allegations set forth in paragraph 11 of the Complaint.

12. Defendants deny the allegations set forth in paragraph 12 of the Complaint.

13. The allegations set forth in paragraph 13 of the Complaint are conclusions of law to which no responsive pleading is required.

14. Defendants deny the allegations set forth in paragraph 14 of the Complaint.

15. The allegations set forth in paragraph 15 of the Complaint are conclusions of law to which no responsive pleading is required.

16. Defendants deny the allegations set forth in paragraph 16 of the Complaint.

17. Defendants deny the allegations set forth in paragraph 17 of the Complaint.

18. Defendants deny the allegations set forth in paragraph 18 of the Complaint.

19. Defendants deny the allegations set forth in paragraph 19 of the Complaint.

20. The allegations set forth in paragraph 20 of the Complaint are conclusions of law to which no responsive pleading is required.

## STATEMENT OF FACTS

21. Defendants deny the allegations set forth in paragraph 21 of the Complaint.

22. Defendants admit the allegations set forth in paragraph 22 of the Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of the Complaint.

24. Defendants deny the allegations set forth in paragraph 24 of the Complaint.

25. Defendants deny the allegations set forth in paragraph 25 of the Complaint.

26. Defendants deny the allegations set forth in paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in paragraph 27 of the Complaint.

28. The allegations set forth in paragraph 28 of the Complaint are conclusions of law to which no responsive pleading is required, except that Defendants admit that Plaintiff was for a period of time paid at a rate of $10 per hour.

29. Defendants deny the allegations set forth in paragraph 29 of the Complaint.

30. The allegations set forth in paragraph 30 of the Complaint are conclusions of law to which no responsive pleading is required, except that Defendants admit that Plaintiff was for a period of time paid at a rate of $11 per hour.

31. Defendants deny the allegations set forth in paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in paragraph 32 of the Complaint.

33. Defendants deny the allegations set forth in paragraph 33 of the Complaint.

34. Defendants deny the allegations set forth in paragraph 34 of the Complaint.

35. Defendants deny the allegations set forth in paragraph 35 of the Complaint.

36. The allegations set forth in paragraph 36 of the Complaint are conclusions of law to which no responsive pleading is required and Defendants otherwise deny the allegations set forth in paragraph 36 of the Complaint.

37. Defendants admit the allegations set forth in paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in paragraph 39 of the Complaint.

40. Defendants deny the allegations set forth in paragraph 40 of the Complaint.

41. Defendants deny the allegations set forth in paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

## COLLECTIVE ACTION ALLEGATIONS

43. Defendants admit that Plaintiff purports to bring this action individually and as class representative, but Defendants otherwise respond that the allegations set forth in paragraph 43 of the Complaint are conclusions of law to which no responsive pleading is required, and further deny that there exists or should exist any "class" or any "Collective Action Members."

44. Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45. The allegations set forth in paragraph 45 of the Complaint are conclusions of law to which no responsive pleading is required.

46. The allegations set forth in paragraph 46 of the Complaint are conclusions of law to which no responsive pleading is required, except the Defendants deny that this action should be certified as a collective action.

47. The allegations set forth in paragraph 47 of the Complaint are conclusions of law to which no responsive pleading is required, except the Defendants deny that this action should be certified as a collective action.

48. The allegations set forth in paragraph 48 of the Complaint are conclusions of law to which no responsive pleading is required, except the Defendants deny that this action should be certified as a collective action.

49. The allegations set forth in paragraph 49 of the Complaint are conclusions of law to which no responsive pleading is required, except the Defendants deny that this action should be certified as a collective action.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint.

## CLASS ACTION ALLEGATIONS

51. Defendants admit that Plaintiff purports to bring this action on his own behalf and on behalf of a class of persons, but Defendants otherwise respond that the allegations set forth in paragraph 51 of the Complaint are conclusions of law to which no responsive pleading is required, and further deny that there exists or should exist any "class."

52. Defendants deny the allegations set forth in paragraph 52 of the Complaint.

53. The allegations set forth in paragraph 53 of the Complaint are conclusions of law to which no responsive pleading is required, except the Defendants deny that there exists or should exist any "Class."

54. The allegations set forth in paragraph 54 of the Complaint are conclusions of law to which no responsive pleading is required, except the Defendants deny that there exists or should exist any "Class."

55. The allegations set forth in paragraph 55 of the Complaint are conclusions of law to which no responsive pleading is required, except the Defendants deny that there exists or should exist any "Class."

56. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Complaint.

57. The allegations set forth in paragraph 57 of the Complaint are conclusions of law to which no responsive pleading is required, except the Defendants deny that there exists or should exist any "Class."

58. The allegations set forth in paragraph 58 of the Complaint are conclusions of law to which no responsive pleading is required, except the Defendants deny that there exists or should exist any "Class."

59. The allegations set forth in paragraph 59 of the Complaint are conclusions of law to which no responsive pleading is required, except the Defendants deny that there exists or should exist any "Class."

60. The allegations set forth in paragraph 60 of the Complaint are conclusions of law to which no responsive pleading is required, except the Defendants deny that there exists or should exist any "Class."

## STATEMENT OF CLAIM

### COUNT I
### [Alleged Violation of the Fair Labor Standards Act]

61. Defendants repeat and reallege each and every response to the allegations set forth in paragraphs 1 through 60 of the Complaint as if set forth in detail herein.

62. The allegations set forth in paragraph 62 of the Complaint are conclusions of law to which no responsive pleading is required.

63. Defendants deny the allegations set forth in paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in paragraph 64 of the Complaint.

65. The allegations set forth in paragraph 62 of the Complaint are conclusions of law to which no responsive pleading is required, except the Defendants deny that there exists or should exist any "Collective Action Members."

66. Defendants deny the allegations set forth in paragraph 66 of the Complaint.

67. Defendants deny the allegations set forth in paragraph 67 of the Complaint.

68. Defendants deny the allegations set forth in paragraph 68 of the Complaint.

69. Defendants deny the allegations set forth in paragraph 69 of the Complaint.

70. Defendants deny the allegations set forth in paragraph 70 of the Complaint.

71. Defendants deny the allegations set forth in paragraph 71 of the Complaint.

72. Defendants deny the allegations set forth in paragraph 72 of the Complaint.

73. Defendants deny the allegations set forth in paragraph 73 of the Complaint.

## COUNT II
### [Alleged Violation of the New York Labor Law]

74. Defendants repeat and reallege each and every response to the allegations set forth in paragraphs 1 through 73 of the Complaint as if set forth in detail herein.

75. The allegations set forth in paragraph 75 of the Complaint are conclusions of law to which no responsive pleading is required, except the Defendants deny that there exists or should exist any "Class."

76. Defendants deny the allegations set forth in paragraph 76 of the Complaint.

77. The allegations set forth in paragraph 77 of the Complaint are conclusions of law to which no responsive pleading is required.

78. Defendants deny the allegations set forth in paragraph 78 of the Complaint.

79. Defendants deny the allegations set forth in paragraph 79 of the Complaint.

80. Defendants deny the allegations set forth in paragraph 80 of the Complaint.

81. Defendants deny the allegations set forth in paragraph 81 of the Complaint.

82. Defendants deny the allegations set forth in paragraph 82 of the Complaint.

83. Defendants deny the allegations set forth in paragraph 83 of the Complaint.

84. Defendants deny the allegations set forth in paragraph 84 of the Complaint.

85. Defendants deny the allegations set forth in paragraph 85 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny the allegations set forth in Plaintiff's PRAYER FOR RELIEF and further deny that Plaintiff or any other person similarly situated is entitled to any of the requested forms of relief on any basis whatsoever.

## JURY DEMAND

Defendants deny the allegations set forth in Plaintiff's JURY DEMAND and further deny that Plaintiff or any other person similarly situated is entitled to any trial by jury on any issue.

## AFFIRMATIVE DEFENSES

1. The Complaint is barred, in whole or in part, because it fails to state a cause of action upon which relief may be granted.

2. The Complaint is barred, in whole or in part, by the relevant statutes of limitation.

3. If and to the extent Defendants violated the Fair Labor Standards Act and/or New York State Labor Law, it was not willful or reckless.

4. The Complaint fails to state a cognizable class under 29 U.S.C. § 216, Federal Rule of Civil Procedure 23, New York State law, and/or under any applicable rule or law regulating the maintenance of collective or class actions, including but not limited to, Plaintiff's failure to establish the requisite numerosity, commonality, typicality, adequacy, superiority, predominance, and representative status and/or standing, and Plaintiff's failure to establish that the prospective class members are similarly situated.

5. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not work in excess of 40 hours in a workweek.

-9-

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff did not work a spread of hours in excess of 10 hours in a workday.

7. Plaintiff's claims are barred, in whole or in part, because Plaintiff was paid more than the applicable federal and New York State minimum wage.

8. Plaintiff's claims are barred, in whole or in part, because one or more Defendants are not "employers" within the meaning of the Fair Labor Standards Act and/or New York Labor Law.

9. Plaintiff's claims are subject, in whole or in part, to set-offs or for wage credits or for amounts already paid in wages to which Plaintiff had no entitlement.

* * * * * * * * * * * * * * * *

**WHEREFORE**, Defendants respectfully request that:

(a) The Complaint be dismissed in its entirety, with prejudice;

(b) Judgment be entered in Defendants' favor;

(c) Defendants be awarded their attorneys' fees and costs of the suit herein; and

(d) Defendants be awarded such other and further relief as the Court deems just and proper.

Dated: New York, New York
December 20, 2013

TANNENBAUM HELPERN SYRACUSE
& HIRSCHTRITT LLP

By: _____
Andrew W. Singer, Esq.
Jason B. Klimpl, Esq.
900 Third Avenue
New York, New York 10022
(212) 508-6700
*Attorneys for Defendants*

To:   Justin Cilenti, Esq.
CILENTI & COOPER, PLLC
708 Third Avenue – 6th Floor
New York, New York 10017
(212) 209-3933
*Attorneys for Plaintiff*