UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
VICTOR SEBASTIAN AZOGUE, on behalf of himself : Case No. 13-CV-7899
and others similarly situated, : (TPG) (MHD)
:
Plaintiff, : **STIPULATION AND**
: **ORDER TO ISSUE**
-against- : **216(b) NOTICE OF**
: **COLLECTIVE ACTION**
16 FOR 8 HOSPITATLITY LLC d/b/a NUM PANG :
SANDWICH SHOP, 32 FOR 16 HOSPITALITY LLC :
d/b/a NUM PANG SANDWICH SHOP, 8 FOR 4 :
HOSPITALITY LLC d/b/a NUM PANG SANDWICH :
SHOP, NUM PANG HOLDCO LLC, :
RATHA CHUAPOLY, and BENJAMIN DAITZ, :
:
Defendants. :
-------------------------------------------------------------------X

Plaintiff Victor Sebastian Azogue, individually and on behalf of all others similarly situated ("Plaintiff"), and defendants 16 for 8 Hospitality LLC d/b/a Num Pang Sandwich Shop, 32 for 16 Hospitality LLC d/b/a Num Pang Sandwich Shop, 8 for 4 Hospitality LLC d/b/a Num Pang Sandwich Shop, Num Pang Holdco LLC, Ratha Chuapoly, and Benjamin Daitz (collectively referred to as "Num Pang" or "Defendants"), stipulate to the entry of an Order: (1) conditionally certifying this matter as an FLSA collective action, and (2) authorizing Court-facilitated notice of the action to potential opt-in plaintiffs. In support of this application, the parties state as follows:

1. Plaintiff filed his Complaint on November 6, 2013, alleging that the Defendants failed to pay him and other similarly situated non-exempt employees proper overtime compensation and "spread of hours" premium in violation of the federal Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, et seq. ("FLSA") and the New York Labor Law.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/1/14

2. The parties began discussions in an attempt to arrive at an agreed-upon Notice of Pending Lawsuit With Opportunity to Join ("Notice) with an eye toward possible resolution of this action. After exchanging comments and revisions, the parties have agreed to a Notice, which provides accurate and timely notice of this lawsuit to Defendants' former and current employees who may be similarly situated and for whom Defendants have contact information in their possession or under their control.

3. The parties have attached hereto a proposed Notice and Opt-In & Consent to Join form. (See Exhibits A & B).

4. At Plaintiff's request, the Defendants have agreed to provide a list, based on information in their possession or under their control, of all current and former non-managerial employees who were designated, paid, or employed with primarily job responsibilities as cooks, food preparers/kitchen helpers, dishwashers, stock persons, sandwich makers, cleaners/porters, cashiers, and delivery persons, at each of the Num Pang establishments sued herein since November 6, 2010 through the present time, and who have not already had claims for unpaid overtime compensation previously adjudicated, in order to inform them of their right to opt-in to this lawsuit.

5. The parties respectfully request that the Court enter an Order:

   a. Conditionally certifying this case as a Section 216(b) collective action;

   b. Requiring Defendants, based on information in their possession or under their control, to provide Plaintiff's counsel with the names, dates of employment, and last known addresses of all non-managerial employees who were primarily employed as cooks, food preparers/kitchen helpers, dishwashers, stock persons, sandwich makers, cleaners/porters, delivery persons, and cashiers employed at each of the Num Pang establishments sued herein since November 6, 2010 through the present time within twenty-five (25) days of the date the Court So Orders this Stipulation;

Case 1:13-cv-07899-TPG   Document 14   Filed 04/01/14   Page 3 of 5
Case 1:13-cv-07899-TPG   Document 13-1   Filed 03/27/14   Page 3 of 5

    c.    Authorizing Plaintiff's counsel to distribute the Notice and Opt-In & Consent to Join form via first class U.S. Mail no later than fourteen (14) days after receiving the information in paragraph 5(b) above. Plaintiff's counsel shall notify Defendants' counsel in the event any such notice is returned to Plaintiff's counsel as undeliverable, whereupon Defendants' counsel shall promptly provide to Plaintiff's counsel the telephone number(s) of the intended recipient, provided the same is in Defendants' possession or under their control;

    d.    Authorizing Plaintiff, through counsel, access to each of the Num Pang establishments sued herein to post the Notice and Opt-In & Consent to Join forms in a conspicuous but non-public location in the workplace in both English and Spanish (or any other language deemed appropriate), which posting shall occur within the same timeframe set forth in subsection (c) above and which shall be removed upon the expiration of the opt-in period (Plaintiff's counsel and Defendants' counsel shall coordinate in good faith to effectuate this subsection (d));

    e.    Prohibiting Plaintiff's counsel from soliciting potential collective action members by initiating any verbal communications with potential opt-in members who are Defendants' employees as of the date of this Stipulation, during the agreed-to opt-in period;

    f.    To the extent there is any verbal communication during the agreed-to opt-in period between Plaintiff's counsel and potential opt-in members who are former employees of Defendants as of the date of this Stipulation, the subject of such communications will be limited to: (i) the verification of the potential opt-in member's receipt of the Notice materials by Plaintiff's counsel, and/or (ii) the response of Plaintiff's counsel to any questions by the potential opt-in member regarding this lawsuit, provided Defendants' counsel are given notice of any such communication.

6.    The parties agree to treat all information acquired by this Stipulation as "confidential" and use it only as reasonably necessary for preparation and trial of this action, including any appeal or retrial, and shall not be used for any other purpose, including without limitation, any other litigation or proceeding or any business, competitive, or governmental purpose or function.

7. The opt-in period shall close forty-five (45) days after the date of mailing of the Notice and Opt-In & Consent form as set forth in subsection (c) above. Any and all opt-in consents mailed or delivered to Plaintiff's counsel after the close of the opt-in period shall be disregarded and such individuals shall not be included in any collective action led by Plaintiff.

8. Defendants agree to provide Plaintiff with informal discovery necessary for Plaintiffs to prepare a settlement demand, including the dates of employment, weekly and annual compensation paid, and any time records it has for all individuals who opt-in to this lawsuit; *provided, however*, that this Section 8 shall not be deemed to preclude the parties from engaging in any other discovery permitted by law or rule. Defendants agree to provide this information within twenty (20) calendar days after the close of the opt-in period.

9. The parties agree that conditional certification of this case as a Section 216(b) collective action under the FLSA at this stage of the litigation is without prejudice to Defendants' proffering of its arguments against continued certification at the second, or decertification, stage of the proceedings after substantial and reciprocal discovery has been completed.

Dated: March 25, 2014

                CILENTI & COOPER, PLLC
                *Attorneys for Plaintiff*
                708 Third Avenue – 6th Floor
                New York, New York 10017
                T. (212) 209-3933
                F. (212) 209-7102
                /s/Justin Cilenti

TANNENBAUM HELPERN SAYRACUSE
& HIRSCHTRITT LLP
*Attorneys for Defendants*
900 Third Avenue
New York, New York 10022
T. (212) 508-6700
F. (212) 371-1084
/s/Andrew W. Singer

Dated: ~~March ___, 2014~~ April 1, 2014

So Ordered:

_____
Thomas P. Griesa, U.S.D.J.

5