# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102
Email: info@jcpclaw.com

July 11, 2014

**By ECF**

Hon. Thomas P. Griesa, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

**By Email**

Hon. J. Paul Oetken, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2101
New York, New York 10007

>   *Re:*   *Azogue v. 16 for 8 Hospitality LLC, et al.*
>           *Case No. 13-CV-7899 (JPO) (MHD)*
>
>           *Cabrera v. Num Pang Holdings LLC, et al.*
>           *Case No. 14-CV-3282 (JPO)*

Dear Judge Griesa and Judge Oetken,

      We are counsel to plaintiff Victor Azogue and five opt-in plaintiffs in the above-captioned action titled, *Azogue v. 16 for 8 Hospitality LLC, et al.* (referred to herein as "Azogue"). In that case, the defendants allegedly own and operate three Cambodian restaurants in New York City operating under the "Num Pang" brand. Plaintiff alleges that he is a former employee of one such restaurant, who failed to receive, *inter alia*, proper overtime compensation and "spread of hours" premium in accordance with the federal Fair Labor Standards Act ("FLSA") and New York Labor Law. The other Num Pang locations identified in the Azogue case, which are separately incorporated but alleged to be associated as a single enterprise, are also named as defendants.

In the companion case, *Cabrera v. Num Pang Holdings LLC, et al.* (referred to herein as "Cabrera"), the plaintiff – who is represented by different counsel than our firm – alleges virtually the same wage and hour violations while working at two of the Num Pang establishments (neither of which is where the plaintiff in Azogue worked).[1] Thus, the two cases present the same legal issues and are based on virtually identical or substantially similar facts.

Moreover, on April 1, 2014, the parties in Azogue entered into a Stipulation and Order conditionally certifying that matter as a collective action. The opt-in period recently closed with five additional individuals joining as plaintiffs. For some time, the parties in Azogue have also been in discussions about stipulating to conditionally certifying the matter as a class action and permitting notice to be sent to all class members – including to employees at the two additional Num Pang establishments sued in the Cabrera matter, with an eye towards reaching a settlement for all putative class members.

It is clear that both actions involve common questions of law and fact such that consolidation of the two cases for all purposes seems appropriate. It is our position that due to the substantial overlap in parties, factual allegations, and legal issues, class discovery in the two actions will almost undoubtedly involve duplicate document production. It is also likely that the putative class members in each case will be similar if not identical. Additionally, considerations of judicial efficiency and limiting the risk of inconsistent verdicts and rulings significantly weigh in favor of consolidating the Azogue and Cabrera matters.

Accordingly, in accordance with Fed. R. Civ. P. 42(a), it is respectfully requested that the two cases be consolidated for all purposes. In addition, it is respectfully requested that the Court grant an order assigning Cilenti & Cooper, PLLC as class counsel in the consolidated action.

We thank the Court for its continued attention to these matters.

Respectfully submitted,

Justin Cilenti

JC/mjz

cc: Andrew Singer, Esq. (by email)
Jason Klimpl, Esq. (by email)
C.K. Lee, Esq. (by email)

---

[1] The plaintiff in Cabrera asserts claims against five total Num Pang restaurants.