# CILENTI & COOPER, PLLC

ATTORNEYS AT LAW
708 Third Avenue – 6th Floor
New York, New York 10017

Telephone (212) 209-3933
Facsimile (212) 209-7102
Email: info@jcpclaw.com

December 17, 2015

**BY ECF**

Hon. Thomas P. Griesa, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

      Re:    *Azogue v. 16 for 8 Hospitality LLC, et al.*
              *Case No. 13-CV-7899 (TPG) (MHD)*

Dear Judge Griesa,

    We are counsel to named plaintiff Victor Azogue, five opt-in plaintiffs, and the putative class in the above-referenced matter. Pursuant to the Court's instructions, please accept this letter as plaintiffs' report as to the current state of settlement negotiations.

    As the Court is aware, the parties had reached a settlement in principal to resolve the case on a class-wide basis, and have been in the process of finalizing the written settlement agreement with the anticipation of filing a motion for preliminary approval. We believed that we were in the final stages of contract negotiation and that the agreement would be ready for execution by the parties before the end of this week. However, an issue has arisen that has now altered the state of discussions.

    It is our experience that when settling a wage and hour case on a class basis, the settlement terms must distinguish between a class members' FLSA and New York State Labor Law claims, and the affect that participating in the settlement would have on their rights under the respective federal and state laws. To that extent, it is our position that class action wage and hour settlement agreements, and the notice of the settlement that is disseminated to the putative class, should highlight this distinction. As the Court knows, there is a difference between claims arising under the FLSA, which requires individuals to effectively "opt-in" in to the case pursuant to 29 U.S.C. § 216(b), and class claims under Fed. R. Civ. P. 23, which mandates that the putative class member effectively "opt-out" of the settlement in order to exclude him or herself from the settlement and preserve their rights under the state Labor Law. The distinction is significant.

Accordingly, class action settlement agreements universally contain provisions explaining the effect that the settlement has on the class member's federal and state law claims. In doing so, the agreements typically indicate that, unless the class member expressly provides an opt-out statement to the Claims Administrator within the designated period (usually 60 days from the date the notice is mailed), they will be deemed to be part of the Rule 23 class and thereby waive any right to commence a future action for the same claims under the New York Labor Law.

However, the opt-out provision of Rule 23 solely applies to a class member's state law claims, and has no bearing on the class member's FLSA rights. To effectively participate in the FLSA portion of the settlement, the class member must opt-in as required under Section 216 of the Fair Labor Standards Act. This is accomplished by a class member timely endorsing, depositing, cashing, or otherwise negotiating the settlement check that is forwarded to them after final approval of the settlement by the Court.

During our negotiations, we believed that the parties had understood and agreed to these distinctions while preparing the settlement agreement and proposed notice. This morning, however, we received correspondence from defense counsel indicating that it is the defendants' position that any class member who fails to opt-out, but who does not affirmatively opt-in by cashing their settlement check, not only concedes their state Labor Law claims, but also waives their rights under the FLSA. We believe this would be inappropriate both from a legal point of view, but also based on the facts specifically related to this case.

First, it is our experience that notice of a class settlement never reaches the entire pool of putative class members. This is because the defendants' records provide for last known addresses and contact information that go back several years and are usually inaccurate. Moreover, class members are typically extremely transient and, as a result, attempts to locate their current whereabouts are often unsuccessful. It is quite common that a large portion of the putative class never receive notice of the class settlement. Thus, not only would it defy the express language of the FLSA to have a putative class member be deemed to have participated in the FLSA portion of the settlement by simply failing to opt-out (without affirmatively opting-in), but it would be extremely inequitable to have putative class members unknowingly waive their FLSA rights when they may not even be aware of such rights in the first instance because they never receive notice of the settlement.

Second, it may appear nonsensical that a class member who does not opt-out would also fail to cash or deposit a settlement check that is mailed to them. However, this case affords a unique set of facts. Indeed, while the putative class exceeds 200 individuals, the defendants' wage and hour records reveal that only a small fraction of those people (less than 10%) are actually entitled to proceeds from the settlement. This is because the records indicate that most of the defendants' employees worked either on a part-time basis or, even if they worked full time, rarely worked in excess of 40 hours per week. Therefore, most of the defendants' employees were not entitled to overtime

compensation and, thus, do not have a right to receive money from the settlement. As a result, because most will not receive a settlement check, there is no way for them to "opt-in" to the settlement by cashing a checks. Although we acknowledge that, at least based on the defendants' records, most putative class members do not have a right to unpaid wages under the FLSA, it does not justify disposing of such individuals' right to assert any such potential FLSA claims they believe they have in the future simply because they did not "opt-out" of the settlement.

It is understandable why the defendants would want the rights of a putative class member to be extinguished under both state and federal law in the event that the class member fails to opt-out of the settlement. However, the defendants' position is contrary to existing law and, because of the unique nature of the class in this case, we do not believe it would be appropriate, nor would we feel comfortable, permitting the settlement to proceed with having class members waive their FLSA rights in the event they do not opt-out of the settlement. We have advised defense counsel that we are willing to settle this matter solely on behalf of the named plaintiff and the additional opt-in plaintiffs, which we believe can be accomplished in short order.

We thank the Court for its continued attention to this matter.

Respectfully submitted,

Justin Cilenti

JC/tc

cc:   Andrew W. Singer, Esq.
      Jason Klimpl, Esq.