UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VICTOR SEBASTIAN AZOGUE, on behalf of himself : Case No. 13-CV-7899
and others similarly situated, : (TPG)

Plaintiff,

-against-

16 FOR 8 HOSPITALITY LLC d/b/a NUM PANG
SANDWICH SHOP, 32 FOR 16 HOSPITALITY LLC
d/b/a NUM PANG SANDWICH SHOP, 8 FOR 4
HOSPITALITY LLC d/b/a NUM PANG SANDWICH
SHOP, NUM PANG HOLDCO LLC,
RATHA CHUAPOLY, and BENJAMIN DAITZ,

Defendants.
-----------------------------------------------------------------X

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 02/08/2016
```

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The above-captioned action came before the Court on Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Motion for Preliminary Approval"). Defendants do not oppose the motion.

### I. Preliminary Approval of Settlement

1. Based upon the Court's review of the Plaintiff's Memorandum of Law in support of his Motion for Preliminary Approval, the Declaration of Justin Cilenti ("Cilenti Decl."), and all other papers submitted in connection with Plaintiff's Motion for Preliminary Approval, the Court grants preliminary approval of the settlement memorialized in the Joint Stipulation of Settlement and Release ("Settlement Agreement") between Plaintiff and defendants 16 for 8 Hospitality LLC, 32 for 16 Hospitality LLC, 8 for 4 Hospitality LLC, Num Pang Holdco LLC, Ratha Chaupoly, and

Benjamin Daitz (the "Num Pang Defendants") attached to the Cilenti Declaration as Exhibit A, and "so orders" all of its terms.

2. Courts have discretion regarding the approval of a proposed class action settlement. *See Maywalt v. Parker & Parsely Petronleum Co.*, 67 F. 3d 1072, 1078-79 (2d Cir. 1998). In exercising this discretion, courts should give weight to the parties' consensual decision to settle class action cases because they and their counsel are in unique positions to assess potential risks. *See Clark v. Ecolab, Inc.*, Nos. 07 Civ. 8623, 04 Civ. 4488, 06 Civ. 5672, 2009 U.S. Dist. LEXIS 108736, at *14 (S.D.N.Y. Nov. 27, 2009).

3. Preliminary approval, which is what Plaintiff seeks here, is the first step in the settlement process. It simply allows notice to issue to the class and for Class Members to submit a claim, object to, or opt out of the settlement. After the notice period, the Court will be able to evaluate the settlement with the benefit of the Class Members' input. *Id.*

4. Preliminary approval of a settlement agreement requires only an "initial evaluation" of the fairness of the proposed settlement on the basis of written submissions and, in some cases, an informal presentation by the settling parties. *Id.* (citation omitted). Courts often grant preliminary settlement approval without requiring a hearing or a court appearance. *See Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2012 U.S. Dist. LEXIS 165771, at *4 (S.D.N.Y. Nov. 15, 2012) (granting preliminary approval based on plaintiffs' memorandum of law, attorney declaration, and exhibits); *Palacio v. E*TRADE Fin. Corp.*, No. 10 Civ. 4030, 2012 U.S. Dist. LEXIS 41886, at *1-2 (S.D.N.Y. Mar. 12, 2012) (same). To grant preliminary approval, the Court need only

2

find that there is "probable cause to submit the [settlement] proposal to class members and hold a full-scale hearing as to its fairness." *In re Traffic Exec. Ass'n.*, 627 F. 2d 631, 634 (2d Cir. 1980) (internal quotation marks and citation omitted). If the proposed settlement "appears to fall within the range of possible approval," the court should order that the class members receive notice of the settlement. *Clark, supra,* 2009 U.S. Dist. LEXIS 108736, at *15 (citation omitted).

5. The Court concludes that the proposed Settlement Agreement is within the range of possible final settlement approval, such that notice to the class is appropriate. *See In re Traffic Exec. Ass'n., supra,* 627 F. 2d at 634; *Hernandez, supra,* 2012 U.S. Dist. LEXIS 165771, at *5.

6. The Court finds that the Settlement Agreement is the result of extensive, arms-length negotiations by counsel well versed in the prosecution of wage and hour class and collective actions. "Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005) (citation omitted). "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, Nos. 05 Civ. 10240, 05 Civ. 10287, 05 Civ. 10515, 05 Civ. 10610, 06 Civ. 304, 06 Civ. 347, 06 Civ. 1684, 2007 U.S. Dist. LEXIS 57918, at *12 (S.D.N.Y. July 27, 2007).

7. Courts should grant preliminary approval where the settlement agreement has "no obvious defects." *Alli v. Boston Mkt. Corp.*, No. 10 Civ. 00004, 2011 U.S. Dist. LEXIS 143303, at *9-10 (D. Conn. Dec. 9, 2011). The Court finds that the settlement presented here has "no obvious defects" that prevent preliminary approval.

## II. Conditional Certification of the Proposed Rule 23 Settlement Process

8. Provisional settlement class certification and appointment of class counsel have several practical purposes, including avoiding the costs of litigating class status while facilitating a global settlement, ensuring notification of all class members of the terms of the proposed Settlement Agreement, and setting the date and time of the final approval hearing. *See In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F. 3d 768, 790-92 (3d Cir. 1995) (discussing the advantages of certifying classes for settlement purposes); *Dorn v. Eddington Sec., Inc.*, No. 08 Civ. 10271, 2011 U.S. Dist. LEXIS 11931, at *3 (S.D.N.Y. Jan. 21, 2011) (conditionally certifying wage and hour settlement class and granting preliminary approval of settlement).

9. Therefore, the Court certifies, solely for settlement purposes, a class of all non-managerial employees employed at the following Num Pang locations in New York City: (1) 140 East 41st Street, (2) 1129 Broadway, (3) 21 East 12th Street, (4) 75 9th Avenue, and (5) 148 West 48th Street between November 6, 2007 and August 21, 2015.

10. Solely for settlement purposes, the Court finds that Plaintiff meets all of the requirements for class certification under Federal Rule of Civil Procedure 23(a) and (b)(3).

11. Solely for settlement purposes, the Court finds that Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(1) because there are approximately 550 Rule 23 Class Members and, thus, joinder is impracticable. *See Consol. Rail Corp. v. Town of Hyde Park*, 47 F. 3d 473, 483 (2d Cir. 1995) ("[N]umerosity is presumed at a level of 40 members").

4

12. Solely for settlement purposes the Court finds that Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2) because he and the class members share common issues of fact and law, including whether Defendants (i) failed to pay overtime compensation, and (ii) failed to pay spread of hours premium. *See Campos v. Good*, No. 10 Civ. 0224, 2010 U.S. Dist. LEXIS 139131, at *4-5 (S.D.N.Y. Nov. 29, 2010) (commonality satisfied where restaurant workers raised overtime, tip misappropriation, spread of hours and uniform claims); *Clark, supra*, 2010 U.S. Dist. LEXIS 108736, at *17 (common issues that help to satisfy Rule 23 commonality requirement include "whether [defendant] maintained accurate time records" sufficient to satisfy record-keeping requirements).

13. Solely for settlement purposes, the Court finds that Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3) because Plaintiff's claims arise from the same factual and legal circumstances that form the bases of the Class Members' claims. *See Hernandez, supra*, 2012 U.S. Dist. LEXIS 165771, at *9; *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 616 (S.D.N.Y. 2012).

14. Solely for settlement purposes, the Court finds that Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4) because there is no evidence that the named Plaintiff's and Class Members' interests are at odds. *See Morris, supra*, 859 F. Supp. 2d at 616.

15. In addition, Plaintiff's counsel, Cilenti & Cooper, PLLC ("C&C") also meet Rule 23 (a)(4)'s adequacy requirement. C&C is well qualified to represent the class.

5

16. Solely for settlement purposes, the Court finds that Plaintiff also satisfies Rule 23 (b)(3) – common factual allegations and a common legal theory predominate over any factual or legal variations among class members. *See Damassia v. Duane Reade, Inc.*, 250 F.R.D. 152 (S.D.N.Y. 2008). Class adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually. *See Morris, supra*, 859 F. Supp. 2d at 617; *Damassia, supra*, 250 F.R.D. at 161, 164.

### III. Appointment of C&C as Class Counsel

17. The Court appoints C&C as Class Counsel because they meet all of the requirements of Federal Rule of Civil Procedure 23(g). *See Damassia, supra*, 250 F.R.D. at 165 (explaining that Rule 23(g) requires the court to consider "the work counsel has done in identifying or investigating potential claims in the action...counsel's experience in handling class actions, other complex litigation, and claims of the type asserted in the action...counsel's knowledge of the applicable law, and...the resources counsel will commit to representing the class") (internal quotation marks omitted).

18. C&C performed substantial work identifying, investigating, prosecuting, and settling Plaintiff's and Class Members' claims.

19. C&C's attorneys are experienced class action litigators and are "well versed in wage and hour and class action law." *Johnson v. Brennan*, 10 Civ. 4712, 2011 U.S. Dist. LEXIS 52713, at *7 (S.D.N.Y. May 17, 2011).

6

20. The work that C&C has performed in investigating, negotiating, and settling this case demonstrates their skill and commitment to representing the class's interests.

**IV. Notice**

21. The Court approves the Proposed Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing (the "Proposed Notice"), and directs its distribution to the Class.

22. The content of the Proposed Notice fully complies with due process and Federal Rule of Civil Procedure 23.

23. Pursuant to Federal Rule of Civil Procedure 23(c)(2)(B), a notice must provide:

> the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. The notice must concisely and clearly state in plain, easily understood language: the nature of the action; the definition of the class certified; the class claims, issues, or defenses; that a class member may enter an appearance through counsel if the member so desires; that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded; and the binding effect of a class judgment on class members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).

24. The Proposed Notice satisfies each of these requirements and adequately puts Class Members on notice of the proposed settlement. *See, e.g., In re Michael Milken & Assocs. Sec. Litig.*, 150 F.R.D. 57, 60 (S.D.N.Y. 1993) (class notice "need only describe the terms of the settlement generally"); *see also Johnson, supra,* 2011 U.S. Dist. LEXIS 52713, at *8-9. The Proposed Notice is also appropriate because it describes the

7

terms of the settlement, informs the class about the allocation of attorneys' fees, and provides specific information regarding the date, time, and place of the final approval hearing. *See Hernandez, supra*, 2012 U.S. Dist. LEXIS 165771, at *13-14.

## V. Class Action Settlement Procedure

25. The Court hereby adopts the following settlement procedure:

   a. Within 50 days of the date of this Order, the Claims Administrator shall mail the Notice to Class Members;

   b. Class Members will have 60 days from the date the Notice is mailed to: (1) opt out of the settlement, or (2) object to it;

   c. Plaintiffs will file a Motion for Final Approval of Settlement no later than 15 days before the fairness hearing;

   d. The Court will hold a fairness hearing on August 19, 2016 at 2:00 a.m./p.m. at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Courtroom 26B.

   e. The "Effective Date" of the Settlement shall mean the occurrence of all of the following and shall be that date that all of the following have occurred:

      (1) The Court has entered a Final Order;

      (2) the later of:

         (i) 31 days after the Court enters a Final Order if no reconsideration or rehearing is sought or no Notice of Appeal from the Final Order is filed;

         (ii) If rehearing or reconsideration is sought, after any and all avenues of rehearing or reconsideration have been exhausted and no further rehearing or reconsideration is permitted, and the time for seeking such review has expired, and the Final Order has not been modified, amended or reversed in any way.

         (iii) If an appeal of the Final Order and Judgment has been timely filed, the date the Final Order is finally affirmed by an appellate court with no possibility of

8

subsequent appeal or other judicial review or the date the appeal or other judicial review are finally dismissed with no possibility of subsequent appeal or other judicial review.

f. The Claims Administrator will disburse settlement checks to the Class Members, Class Counsel's attorneys' fees and expenses to Class Counsel, and the Claims Administrator's fee as provided in the parties' Settlement Agreement; and

g. The parties shall abide by the terms of the Settlement Agreement.

## VII. Reservation of Defendants' Rights to Contest Appropriateness of Class in the Event of Further Litigation

26. Although the Court hereby preliminarily certifies a class solely for settlement purposes, subject to the entry of a Final Order, the Court recognizes that class certification under this Order is for settlement purposes only and shall not constitute or be construed as an admission on the part of the Defendants or any other parties to the Settlement Agreement that this action is appropriate for class treatment for litigation purposes. Entry of this Order is therefore without prejudice to the Defendants' right to oppose certification of a class in this action and/or to seek decertification or modification of a class should the proposed Settlement Agreement not become final and effective. If, for whatever reason, the Settlement Agreement does not become final and effective, the parties' stipulation to collective action and class certification as part of the Settlement Agreement shall become null and void *ab initio* and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

\* \* \* \* \* \* \*

It is so ORDERED this 8TH day of February, 2016.

*Thomas P. Griesa*

Hon. Thomas P. Griesa, U.S.D.J.

10